**Michael M. CONWAY, Plaintiff–Appellant,**

v.

**INTERNATIONAL ASSOCIATION OF HEAT & FROST INSULATORS & ASBESTOS WORKERS; Gary Fujawa; James Grogan; Robert Gray; Randy Walters, Defendants–Appellees.**

No. 02–4155.

United States Court of Appeals, Sixth Circuit.

March 22, 2004.

Bryan P. O'Connor, Goldstein & O'Connor, Cleveland, OH, for Plaintiff–Appellant.

Robert D. Kurnick, Jonathan D. Newman, Sherman, Dunn, Cohen, Leifer & Yellig, Washington, DC, Jeffrey L. Austin, Uhlinger & Keis, Cleveland, OH, for Defendants–Appellees.

Before: MARTIN, RYAN, and MOORE, Circuit Judges.

RYAN, Circuit Judge.

Michael M. Conway appeals from the district court's order granting the defendants' motion for summary judgment and denying Conway's motion for partial summary judgment. We affirm the district court's judgment.

## I.

The parties and their counsel are familiar with the facts, and, therefore, they need not be recounted in this unpublished opinion. It is sufficient to say that, as the result of union disciplinary proceedings, Conway was barred from holding union office for four years. Conway and others filed suit alleging, *inter alia*, that the union failed to provide Conway with a full and fair disciplinary hearing, in violation of Section 101(a)(5) of the Labor–Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C. § 411(a)(5) (1998). The district court granted the defendants' motion for summary judgment and denied Conway's motion for partial summary judgment on the question of liability.

## II.

This court reviews a district court's decision to grant summary judgment *de novo*. *Policastro v. Northwest Airlines, Inc.*, 297 F.3d 535, 538 (6th Cir.2002). Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Policastro*, 297 F.3d at 538. In reviewing the district court's grant of summary judgment, we draw all justifiable inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Denial of a motion for summary judgment is an interlocutory order, not ordinarily subject to appeal. *McMullen v. Meijer, Inc.*, 355 F.3d 485, 489 (6th Cir. 2004). If, however, an appeal from a denial of summary judgment is presented in conjunction with an appeal from a grant of summary judgment, this court has jurisdiction to review the district court's denial of summary judgment. *Id.* "When a district court denies a motion for summary judgment because it determines that there exists a genuine issue of material fact, we review the denial only for an abuse of discretion. When, however, the district court denies summary judgment based solely upon legal grounds, we review the denial *de novo.*" *Id.* (internal citation omitted).

## III.

Conway argues that his "guilt" was prejudged, in violation of his right to receive a "full and fair [disciplinary] hearing" as guaranteed by Section 101(a)(5) of the LMRDA. He also argues that he was denied a "full and fair [disciplinary] hearing," in violation of Section 101(a)(5) of the LMRDA, because he was not provided with the documents he requested prior to and during his disciplinary hearing.

Upon a careful review of the district court's opinion, the arguments of the parties, and the record, we are persuaded that the district court properly granted the defendants' motion for summary judgment. The Honorable Patricia A. Gaughan, United States District Judge, found that the plaintiffs "failed to establish that Conway was denied a full and fair hearing on the grounds that his guilt was prejudged." She also found that Conway was not denied a full and fair hearing on the basis of the union's refusal to comply with his expansive and burdensome discovery requests. We agree with the sound reason-

ing of the learned district judge and, with one exception, adopt as our own the district court's opinion with respect to these two issues. This adoption expresses no opinion concerning the district court's treatment of the remainder of Conway's claims, as those claims are not before us.

With respect to the issue concerning Conway's discovery requests, we think the district court's opinion contains one insignificant error. After correctly noting that Conway was provided with numerous documents and a detailed summary of the charges against him and that the union agreed to provide Conway with any identifiable document he requested, the district court incorrectly stated: "Conway, however, failed to request any such documents." Conway did, in fact, request specific documents, but not until his disciplinary hearing was well underway. At the same time, he also requested a postponement of the hearing so he could review the requested documents. The Hearing Officer declined to exercise his discretion to postpone the hearing midstream, on the basis of a discovery request made for the first time at the hearing.

The district court correctly found that the union complied with basic requirements of due process. The union's decision not to exercise its discretion to comply with Conway's burdensome and untimely discovery requests did not deprive Conway of a full and fair disciplinary hearing. Accordingly, the district court properly granted the defendants' motion for summary judgment and denied Conway's motion for partial summary judgment.

**AFFIRMED.**